J-S21016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID JOHNATHAN WEAVER | : | |
| | : | |
| Appellant | : | No. 235 MDA 2022 |

Appeal from the PCRA Order Entered January 26, 2022,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0000183-2011.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID JOHNATHAN WEAVER | : | |
| | : | |
| Appellant | : | No. 236 MDA 2022 |

Appeal from the PCRA Order Entered January 26, 2022,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0000184-2011.

BEFORE:   DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:               **FILED:  JULY 26, 2022**

---

[*] Retired Senior Judge assigned to the Superior Court.

David Johnathan Weaver[1] appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. Additionally, Weaver's court appointed PCRA counsel has filed a motion for leave to withdraw from representation, as well as an *Anders* brief.[2] We grant counsel's motion to withdraw and affirm the PCRA court's order denying post-conviction relief.

On July 14, 2011, a jury convicted Weaver of various sexual offenses stemming from his sexually abusing his stepdaughter over a nine-year period beginning when she was nine years old. The trial court ordered a presentence investigation and a sex offender assessment. On December 19, 2011, following a hearing to determine whether Weaver was a sexually violent predator ("SVP"), the court designated Weaver and SVP and sentenced him to fourteen to thirty years of imprisonment. The trial court denied Weaver's post sentence motion.

_____

[1] Throughout the certified record, Weaver's middle name has been spelled differently. We adopt this spelling from Weaver's *pro se* filings. In addition, the correct date of the final order denying post-conviction relief is January 26, 2022. We have corrected the captions accordingly.

[2] *Anders v. California*, 386 U.S. 738 (1967). *Anders* imposes stricter requirements than those imposed when counsel seeks to withdraw during the post-conviction process pursuant to the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004). Thus, we will assess counsel's assertion that the issues Appellant wishes to raise have no merit under a *Turner*/*Finley* analysis.

Previously, this Court has summarized the subsequent procedural history as follows:

> [Weaver] filed an appeal to this Court. **Commonwealth v. Weaver**, 489 MDA 2012 (unpublished memorandum) (Pa. Super. Dec. 3. 2012). This Court found no merit to [Weaver's] challenge to "the constitutionality of Megan's Law, in light of Article III, Section 3's restriction against the passage of bills containing more than one subject." **Id.** at 20. This Court relied upon **Commonwealth v. Neiman**, 5 A.3d 353 (Pa. Super. 2010) (*en banc*). **Id.** at 8. We vacated "the portion of the judgment of sentence concerning restitution and remanded for resentencing." **Id.** at 20.
>
> [Weaver] filed a petition for allowance of appeal. The Pennsylvania Supreme Court granted the petition for allowance of appeal based upon [its reversal of this Court's decision in **Neiman**]. **Commonwealth v. Weaver**, 96 A.3d 987 (Pa. 2014) (Per Curiam) (Order). The Supreme Court vacated our decision in **Weaver** based upon **Neiman**, and remanded for reconsideration. **Id.** [*Allocatur*] was denied as to the remaining issues. **Id.** On remand, this Court held:
>
> > In light of our Supreme Court's disposition in **Nieman** striking the entirety of Act 152 as violative of the Pennsylvania Constitution, we are constrained to vacate [Weaver's] judgment of sentence with regard to his determination as a sexually violent predator under Megan's Law III, which subjected him to the registration requirements pursuant to Megan's Law III. Hence we vacate the judgment of sentence of the trial court entered pursuant to Megan's Law III and remand for resentencing.
>
> **Weaver**, 489 MDA 2012 (unpublished memorandum at 10) (Pa. Super. Sept. 23, 2014).
>
> Following a resentencing hearing on February 10, 2015, the court found [Weaver] to be [an] SVP and resentenced him to fourteen to thirty years' imprisonment. [Weaver] filed a post sentence motion, which was denied.

*Commonwealth v. Weaver*, 134 A.3d 502 (Pa. Super. 2015) non-precedential decision at 1-4 (footnotes omitted).

Weaver then filed an appeal to this Court, in which he challenged the sufficiency of the evidence supporting his SVP designation. Finding no merit to this claim, we affirmed his judgment of sentence on November 23, 2015. *Weaver*, *supra*.

On September 15, 2017, Weaver filed a *pro se* PCRA petition, and the PCRA court appointed counsel. PCRA counsel filed an amended petition on December 18, 2017. In this petition, Weaver asserted that he was subject to an illegal sentence given our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), and that his SVP designation was unlawful given this Court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017). The Commonwealth filed a response. By order entered April 23, 2019, the PCRA court stayed the proceedings pending our Supreme Court's decision in *Commonwealth v. Lacombe*, No. 35 MAP 2018.

Our Supreme Court decided *Lacombe* on July 21, 2020. On October 21, 2021, the PCRA court in this case issued a Pa.R.A.P. 907 notice of its intent to dismiss Weaver's amended PCRA petition without a hearing. Weaver filed a response. By order entered January 26, 2022, the PCRA court denied Weaver's PCRA petition. Weaver filed a *pro se* appeals to this Court and a *pro se* Pa.R.A.P. 1925(b) statement on January 31, 2022. PCRA counsel was appointed on February 25, 2022, and he filed a supplemental Rule 1925(b)

statement in which counsel asserted that Weaver's appeal was frivolous.[3] Given this filing, the PCRA court did not prepare a Rule 1925(a) opinion.

As noted above, PCRA counsel filed and **Anders** brief and motion to withdraw as counsel with this Court on April 22, 2022. We first address PCRA counsel's application to withdraw. Pursuant to **Turner/Finley**, **supra**, before seeking leave to withdraw, a criminal defendant's counsel must review the record to determine if any meritorious issue exists. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that such review by counsel requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

**Id**. (citation and brackets omitted). Further, PCRA counsel seeking to withdraw from representation in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes both (1) a copy of the "no-merit" letter, and (2) a statement advising the PCRA petitioner

---

[3] By order entered March 24, 2022, we consolidated the appeals *sua sponte*.

that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. **Commonwealth v. Muzzy**, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Upon review, we conclude that PCRA counsel has substantially complied with the **Turner/Finley** requirements as set forth above. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria). We now independently review the claim Weaver wished to raise on appeal.

After reviewing Weaver's *pro se* Rule 1925(b) statement, PCRA counsel determined that the sole issue Weaver wished to raise on appeal was the claim that the PCRA court erred by failing to find that his SVP designation is unconstitutional. **See** Weaver's Brief at 6.[4] Our review of Weaver's *pro se* filing supports counsel's interpretation of the issue.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by

_____

[4] By letter dated March 22, 2022, the Commonwealth informed this Court that it would not be filing a brief.

the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015)

(citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations

omitted).

PCRA counsel's assessment of Weaver's claim is readily confirmed. As

explained by PCRA counsel:

> The Pennsylvania Supreme Court has reversed the [Superior Court's] ***Butler*** decision and determined that the procedure for designating an individual an SVP, as codified at 42 Pa.C.S.A. 9799.24(e)(3), is constitutionally permissible. ***Commonwealth v. Butler***, 226 A.3d 972 [(Pa. 2020)].
>
> In his 1925[(b)] Statement, [Weaver] appeals to this Court claiming the PCRA [court] erred by dismissing his petition without a hearing and refusing to overturn its prior determination of SVP status. [Weaver] supports his claim by citing Pennsylvania Superior Court decisions in [***Butler***, ***supra***] and ***Commonwealth v. Golson***, 189 A.3d 994 (Pa. Super. 2018).
>
> [As] noted above, the ***Butler*** and ***Golson*** decisions have been overturned by the Pennsylvania Supreme Court.

Weaver's Brief at 7. Based on the above, PCRA counsel asserts that Weaver's claim "that his SVP determination renders his present sentence illegal, is frivolous." *Id.*

We agree. At the time Weaver first filed his PCRA petition in 2017, he would have been entitled to relief from the SVP designation based upon this Court's *Butler* decision. However, the proceedings in this case were stayed pending our Supreme Court's decision in another case. During that time, however, our Supreme Court reversed this Court's *Butler* decision and thereby rendered Weaver's challenge to his SVP designation frivolous. In reaching this decision, we are bound by the law as it exists today, not when the PCRA petition was filed.

In sum, because a review of the record supports the PCRA court's conclusion that Weaver's claim is frivolous, the court correctly denied his PCRA petition. We therefore affirm the order denying Weaver post-conviction relief.

Motion to Withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/26/2022